**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Crim. No. 05-85-P-WES-LDA** |
| **LAURIE GILLILAND, also known as** | ) | |
| **Alisa Meggison-Keimel** | ) | |
| | ) | |

**GOVERNMENT'S MOTION TO RESET SPEEDY TRIAL CLOCK AND TO EXCLUDE TIME, WITH INCORPORATED MEMORANDUM OF LAW**

The United States of America, by and through its attorneys, Paula D. Silsby, United States Attorney, and James W. Chapman, Jr., Assistant U.S. Attorney, moves that the Court enter an order pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, that resets the Speedy Trial Act clock to zero as of January 9, 2007 and excludes the time between January 9, 2007 and January 18, 2007 from the Speedy Trial Act calculation. Counsel for the defendant informed the undersigned attorney that he intends to oppose this motion.

**Statement of Facts**

1. A federal grand jury returned a sixteen-count indictment against the defendant on October 13, 2005 charging her with credit card fraud, false statements, social security number fraud, and aggravated identity theft.

2. The defendant's initial appearance in this case was on October 21, 2005 when she appeared before U.S. Magistrate Judge David M. Cohen. She was released pending trial pursuant to an Order Setting Conditions of Release. The Court's order required the defendant to report to her federal probation officer as directed, not move her residence without the permission

of her probation officer and not travel outside the State of Maine. Magistrate Judge Cohen set this case for trial commencing with jury selection on December 5, 2005.

3. On November 1, 2005, the defendant failed to report to U.S. Probation Officer Brian Eggert as directed by him during a telephone conversation with the defendant on October 26, 2006. Further investigation by Probation Officer Eggert determined that the defendant had ceased residing at the address she provided to the Court at her initial appearance, and moved to an unknown address after leaving her two minor children with her parents on November 1, 2005. See Affidavit of Special Agent Colleen Fleming filed in support of the Government's Motion for Revocation of Order of Release and for Issuance of Arrest Warrant.

4. On November 3, 2005, Magistrate Judge Cohen issued a warrant for the defendant's arrest after the Government moved to revoke the Court's Order Setting Conditions of Release.

5. On November 16, 2005, the Government filed a motion to continue the trial date due to the unavailability of the defendant. Magistrate Judge Cohen granted this motion on November 17, 2005, and ordered that any time resulting from the defendant's unavailability be excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(3)(A).

6. On or about December 12, 2006, the defendant was arrested in South Carolina by state or local police officers following a traffic stop. She appeared before a U.S. Magistrate Judge in Charleston, South Carolina on December 18, 2006. The Court ordered her detention and removal to the District of Maine.

7. On December 28, 2006 and December 29, 2006, the judges of the District of Maine recused themselves from this case and the matter was transferred to the District of New

Hampshire pursuant to an order entered by Chief Judge George Z. Singal on December 29, 2006.

8. On January 9, 2007, the defendant appeared before U.S. Magistrate James R. Muirhead in the District of New Hampshire for a hearing on the Government's motion to revoke her order setting forth conditions of release. Magistrate Judge Muirhead ordered that the defendant be detained pending trial.

9. On January 10, 2007, the judges of the U.S. District Court for the District of New Hampshire recused themselves from this case, and the case was transferred to the District of Rhode Island.

10. On January 18, 2007, the case was reassigned to U.S. District Court Judge William E. Smith of the District of Rhode Island.

**Argument**

The Speedy Trial Act, 18 U.S.C. § 3161, requires the defendant be brought to trial within seventy nonexcludable days from the date of indictment or initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1); United States v. Barnes, 159 F.3d 4 (1st Cir. 1998). A delay in the trial resulting from the defendant's absence or unavailability is excluded from Speedy Trial Act computation. 18 U.S.C. § 3161(h)(3)(A). Accordingly, after learning that the defendant moved out of her residence and fled to an unknown location, the Government filed a motion to exclude the resulting delay in her trial from the defendant's Speedy Trial computation. Magistrate Judge Cohen granted this motion on November 17, 2005.

Under the Speedy Trial Act, if a defendant's trial is delayed due to his or her absence or unavailability, and his or her subsequent court appearance in the district in which the indictment or information is pending is more than twenty-one days after the date set for trial before the

defendant's absence, then the Speedy Trial clock is reset to zero. 18 U.S.C. § 3161(k)(1).

In this case, the defendant's trial was scheduled for December 5, 2005. When she moved out of her home and fled to an unknown location, her trial was necessarily delayed due to her unavailability and absence. For purposes of the Section 3161(k)(1), the defendant's subsequent court appearance in this district occurred on January 9, 2006 when she appeared before U.S. Magistrate Judge James Muirhead. Although this appearance actually occurred in U.S. District Court in the District of New Hampshire, Judge Muirhead was acting as a judicial officer in this case pursuant to the order issued by Chief Judge George Z. Singal on December 29, 2006. Therefore, under Section 3161(k)(1), the defendant's Speedy Trial clock is reset to zero as of January 9, 2006.

The Government further requests that this Court exclude from the Speedy Trial Act computation the time from January 9, 2006 to January 18, 2006. During this period there was no federal judge assigned to this case as a result of the recusals of the judges of the District of Maine and the District of New Hampshire. After the defendant's hearing in front of U.S. Magistrate James Muirhead on January 9, 2006, the case was transferred to the District of Rhode. The case was reassigned to U.S. District Judge William E. Smith of the District of Rhode Island on January 18, 2006. The Government submits that this time is excludable under the Speedy Trial Act because it is a period of delay "resulting from any proceeding relating to the transfer of a case . . . ." 18 U.S.C. § 3161(h)(1)(G).

WHEREFORE, the Government respectfully requests that the Court enter an order resetting the defendant's Speedy Trial clock to January 9, 2007, and excluding from calculations under the Speedy Trial Act all time that elapsed between January 9, 2007 and January 18, 2007.

Dated at Portland, Maine, January 24, 2007.

Respectfully submitted,

Paula D. Silsby
United States Attorney

/s/ James W. Chapman, Jr.
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
East Tower, Sixth Floor
Portland, Maine 04101
(207) 780-3257
James.W.Chapman@usdoj.gov

Case 2:05-cr-00085-WES Document 29 Filed 01/24/2007 Page 6 of 6

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2007, the Government's Motion to Reset the Defendant's Speedy Trial Clock and to Exclude Time was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John P. DeGrinney, Esq.
DeGrinney Law Offices
1266 Congress Street
Portland, ME 04102
(207) 756-8557
jplaw@maine.rr.com

Paula D. Silsby
United States Attorney

/s/ James W. Chapman, Jr.
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
East Tower, Sixth Floor
Portland, Maine 04101
(207) 780-3257
James.W.Chapman@usdoj.gov