SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

FILED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 05-85-P |
| LAURIE GILLILAND, also known as | ) | 07-MC-7-WES (D. RI) |
| Alisa Meggison-Keimel | ) | |
| | ) | |

## AGREEMENT TO PLEAD GUILTY (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Paula D. Silsby, United States Attorney for the District of Maine, and James W. Chapman, Jr., Assistant United States Attorney, and Laurie Gilliland (hereinafter "Defendant"), acting for herself and through her counsel, John P. DeGrinney, Esquire, enter into the following Agreement based upon the promises and understandings set forth below:

1. Guilty Plea. Defendant agrees to plead guilty Counts One, Two, Three, Twelve and Fifteen of the Indictment herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Count One of the Indictment charges the defendant with access device fraud in violation of 18 U.S.C. § 1029(a)(5). Count Two charges the defendant with making a false statement in a matter within the juridiction of the U.S. Postal Service, an agency of the United States, in violation of 18 U.S.C. § 1001(a)(2). Count Three charges the defendant with furnishing false information to the Social Security Administration for the purpose of obtaining a second identity, in violation of 42 U.S.C. § 408(a)(6) and 18 U.S.C. § 2(b). Count Twelve charges the defendant with making a materially false statement in a matter involving a health care benefit program, in violation of 18 U.S.C. §§ 1035(a)(1) and 2(b). Count Fifteen

charges the defendant with using the identification of another person to commit the crime of furnishing false information to the Social Security Administration, in violation of 18 U.S.C. § 1028A and 2(b) and 42 U.S.C. § 408(a)(6). Pursuant to F.R.Crim.P. 11(e)(1)(A), the United States agrees to move to dismiss Counts Four through Eleven, Thirteen, Fourteen, Sixteen and Seventeen of the Indictment after sentence is imposed on Counts One, Two, Three, Twelve and Fifteen of the Indictment.

2. Penalties.

Defendant understands that the penalties for the offenses to which she agrees to plead guilty are as follows:

A. The maximum penalty for Count One is:

1. A maximum prison term of fifteen years;
2. A maximum fine of $250,000;
3. A mandatory special assessment of $100.00 which Defendant agrees to pay at or before the time that she enters a guilty plea; and
4. A term of supervised release of not more than two years. Defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve up to two additional years in prison pursuant to 18 U.S.C. §3583(e)(3).

B. The maximum penalty for each of Counts Two, Three and Twelve is:

1. A maximum prison term of five years;
2. A maximum fine of $250,000;
3. A mandatory special assessment of $100.00 which Defendant agrees to pay at or before the time that she enters a guilty plea; and
4. A term of supervised release of not more than two years. Defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve up to two additional years in prison pursuant to 18 U.S.C. §3583(e)(3).

C. The maximum penalty for Count Fifteen is:

1. A mandatory two year prison term that must be consecutive to any other sentence imposed under any other provision of law in this case;
2. A maximum fine of $250,000;
3. A mandatory special assessment of $100.00 which Defendant agrees to pay at or before the time that she enters a guilty plea (18 U.S.C. § 3013(a)(2)(A)); and
4. A term of supervised release of not more than one year. Defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve up to one additional year in prison pursuant to 18 U.S.C. §3583(e)(3).

In addition to the other penalties provided by law, the Court may also order the defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. §§ 3663 or 3663A.

3. Agreements Regarding Sentencing:

The parties agree to make the following non-binding recommendations as to sentencing:

A. The advisory guideline range should be computed using the 2006 U.S. Sentencing Guidelines Manual.

B. Under U.S.S.G. § 2B1.1, the fraud loss in this case is more than $10,000 and less than $30,000.

The parties specifically reserve the right to argue at sentencing regarding the applicability of guideline enhancements pursuant to U.S.S.G. §§ 2B1.1(b)(2)(A)(ten or more victims), 2B1.1(b)(3) (offense involving the theft from the person of another), and 3C1.1 (obstruction of justice). The parties expressly agree and understand that should the Court reject either or both of the recommendations of the parties, the Defendant will not thereby be permitted to withdraw her

plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. Appeal Waivers. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

B. A sentence of imprisonment that does not exceed twenty-four months plus the number of months provided for in Offense Level 10 of the United States Sentencing Commission, Guidelines Manual (2006), at the Criminal History Category to be determined by the Court.

The Defendant's waiver of her right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The Offense level mentioned in this paragraph does not necessarily constitute a reasonable estimate of the sentence that the parties expect will be imposed.

5. Consequences of Breach. If Defendant fails to enter a guilty plea or seeks and is allowed to withdraw her plea of guilty entered pursuant to this Agreement, under circumstances constituting a breach of this Agreement, or if Defendant's guilty plea is rejected due to Defendant's conduct constituting a breach of this Agreement, she hereby waives any rights that she has under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure. Defendant understands that by waiving such right, the following would be admissible against her in any subsequent prosecution for the conduct underlying the charges in

the case: (a) the fact that she pleaded guilty in this case; (b) all statements made in the course of the guilty plea; and (c) all statements made during the course of plea discussions.

6. Speedy Trial Waiver. Defendant agrees to waive, and hereby does waive, any and all rights she might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. The Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7. Validity of Other Agreements; Signature. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies her full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 3/15/07

Laurie Gilliland
Laurie Gilliland, Defendant

I am legal counsel for Laurie Gilliland. I have carefully reviewed every part of this Agreement consisting of 6 pages with Laurie Gilliland. To my knowledge, Laurie Gilliland's decision to enter into this Agreement is an informed and voluntary one.

Date: 3/15/07

John P. DeGrinney, Esquire
Attorney for Defendant

FOR THE UNITED STATES:

Paula D. Silsby
United States Attorney

Date: 3-15-07

James W. Chapman, Jr.
Assistant U.S. Attorney

Approved: ______________________
Supervisory Assistant U.S. Attorney